# Kennedys

120 Mountain View Boulevard
Post Office Box 650
Basking Ridge, NJ 07920
USA

T +1 908.848.6300
M +1 917.862.0043
F +1 908.848.6310

www.kennedyslaw.com

john.orzel@kennedyslaw.com
July 25, 2023

Honorable Katherine Polk Failla
United States District Judge
U.S. Courthouse
40 Foley Square
New York, New York 10007

Re:  Savino Del Bene U.S.A., Inc. v. Samsara Surfaces LLC,
et. al.   1:23-cv-00648-KPF

Dear Judge Polk Failla:

**MEMO ENDORSED**

Please accept this joint letter submission on behalf of plaintiff, SAVINO DEL BENE U.S.A., INC. ("Savino") and defendant, SAMSARA SURFACES LLC ("Samsara"), as directed by the Court's Notice of Initial Pretrial Conference (Dkt #8).

### (i)   Brief Statement of the Case

In this matter, Savino seeks to recover amounts that Savino believes are due and owing from Samsara for a number of containerized shipments of stone slabs that were either delivered to Samsara or that were due to be delivered to Samsara under ocean bills of lading issued by Savino.  Samsara contends Savino did not properly charge Samsara and refused to provide supporting documentation when requested.  Samsara further contends that Savino improperly delayed or otherwise held product belonging to Samsara or its customers, causing Samsara damages.

### A.  Plaintiff

Savino is a logistics provider and ocean transportation intermediary.  Savino arranges for the transportation of cargo belonging to other people by conveyances belonging to and operated by other third parties.  Savino simply makes arrangements for the transportation of the cargo, much like a travel agent will make arrangements for individuals to travel.  In this

Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP.

*Kennedys offices, associations and cooperations:*  Australia, Argentina, Belgium, Bermuda, Brazil, Chile, China, Colombia, Denmark, England and Wales, France, Hong Kong, India, Ireland, Italy, Mexico, New Zealand, Northern Ireland, Norway, Pakistan, Peru, Poland, Portugal, Puerto Rico, Russian Federation, Scotland, Singapore, Spain, Sweden, Thailand, United Arab Emirates, United States of America.

.

Re: Savino Del Bene U.S.A., Inc. v. Samsara Surfaces LLC, et. al.
1:23-cv-00648-KPF

**Kennedys**

case, Savino arranged for the transportation of stone slabs from their points of origin (mainly Brazil and India) to the United States via ocean container vessels.

The stone slabs were loaded into 40-foot metal shipping containers by the shippers. Savino made the arrangements for the carriage of the sealed shipping containers from the port of loading to the place of delivery, as noted on the ocean bills of lading that Savino issued for each of the shipments. Savino contracted with various ship operators, which carried the containers to the United States. Given that the place of delivery of the containers at issue were at inland locations, either Savino or the steamship lines made arrangements with rail carriers to transport the sealed containers from the port of discharge to the place of delivery. Savino also made arrangements with local truckers to pick-up the containers from the rail terminals for carriage to receiver of the cargo.

For all of the shipments in suit, Savino acted as a Non-Vessel Operating Common Carrier ("NVOCC"), which means that as between Savino and the consignee named on the bills of lading that Savino issued, Savino was the carrier. Savino had all of the rights and obligations of a "common carrier" operating in the foreign commerce of the United States. The bills of lading that Savino issued for the shipments in suit showed the foreign shippers (generally the sellers) of the cargo and Samsara as the consignee.

As the customer to the steamship lines and the other carriers involved in the shipments in suit, Savino is primarily liable for the payment of all charges that become due on the shipments. In the perfect world, the NVOCC passes the carriers' charges on to the NVOCC's customer, and everyone gets paid. The steamship lines own the shipping containers and allow a limited number of days for the consignee to collect the container from the terminal, remove the cargo and return the container to the carrier. If delays arise, the carrier parties (steamship lines, marine terminals, rail carriers and truckers) will charge a fixed amount per day for each day over the number of days that the carrier allows for the container to be returned. If Savino's customer does not cooperate in allowing the cargo to be delivered, Savino is assessed with these charges.

Unless the delay is caused by Savino, the charges that are assessed by the carriers are passed-on to Savino's customers. It is the customer/consignee that controls when cargo is delivered, so if the consignee fails to accept the cargo in the allowed time, the consignee is responsible to pay the charges. That is what happened to the shipments in suit; Samsara failed to accept delivery of the cargo in the time allowed by the steamship lines and as a result significant charges were accrued. Once the charges begin to accrue, they will continue to accrue, even if the charges due exceed the value of the cargo.

The present litigation involves charges that accrued on shipments that were consigned to Samsara which Samsara either delayed in accepting or which were eventually sold by Savino because Samsara failed to accept delivery. The contractual agreements under which Savino handled the Samsara cargo give Savino the right to sell any cargo in its possession that

Re:  Savino Del Bene U.S.A., Inc. v. Samsara Surfaces LLC, et. al.
1:23-cv-00648-KPF



belonged to Samsara.  Savino did in fact sell a number of containers of cargo for which Samsara was the consignee.  The amount realized by the sales was credited to Samsara and the amount in suit represents the net amount due from Samsara.

B. **Defendant**

Samsara is a distributor of tiles, natural stones, solid surfaces, quartz slabs & cabinetry and has locations primarily in the Midwest.  Samsara has customers, such as homebuilders and kitchen and bath dealers, located throughout the United States.

Samsara disputes that it caused the delays now alleged by Savino.  Samsara further disputes, at least in part, the charges sought and alleged by Savino in this suit.  Long before Savino filed this suit, Samsara disputed the charges in Savino's invoices, which it believed were incorrect and inconsistent with the parties' agreement.  To understand and verify the charges being asserted by Savino in its invoices, and to identify the specific extent of the improper charges, Samsara promptly requested supporting documentation from Savino substantiating the charges included in its invoices.  Substantial portions of Savino's additional charges are purportedly third-party costs simply being passed on by Savino.  Savino is the only party that has possession of these documents (or access to them) reflecting these alleged additional third-party costs and knew that Samsara did not have knowledge or access to them.  Savino did not provide the requested proof/documentation for the charges, contained in its own invoices, that it was attempting to pass on to Samsara.

Samsara also contends that Savino did not have the equipment and other resources necessary to timely deliver the Samsara product as agreed.  Samsara believes this contributed to much, if not all, of the delay and additional charges made a subject in this suit.

As Savino was aware, Samsara had customers that relied upon the timely delivery of the stone products by Savino.  Despite not providing the requested proof for the alleged charges, Savino held multiple containers of product causing Samsara economic damages.  Samsara additionally contends that Savino subsequently continued to wrongfully possess and sell various stone product of Samsara to other third-parties for its own benefit.

Samsara contends Savino materially breached its agreement, including but not limited to Savino not delivering Samsara's product timely, not accurately charging Samsara and not providing Samsara with proof of the alleged charges in its invoices, wrongfully delaying and/or holding product belonging to Samsara or its customers, and wrongfully selling product belonging to Samsara or its customers.  Samsara has also asserted several affirmative defenses to Savino's claims, including Savino's failure to mitigate and Savino's own negligence.

Re:  Savino Del Bene U.S.A., Inc. v. Samsara Surfaces LLC, et. al.
1:23-cv-00648-KPF



**(ii)    Jurisdiction and venue.**

This is an admiralty and maritime case under Federal Rule of Civil Procedure 9(h) and 28 U.S.C. 1333.  Plaintiff believes venue is proper based upon a contractual forum selection clause contained in Savino's Credit Application and Agreement, executed by Samsara.

**(iii) Deadlines.**

The Court has yet to set any deadlines with regard to this litigation, other than the date for the initial pretrial conference.

**(iv) Pending motions.**

There are no current motions.

**(v) Discovery**

The Parties had engaged in extensive settlement discussions prior to this matter being placed into litigation and therefore, the Parties have significant documentation associated with the case.  Further documentation will be provided with Rule 26 disclosures and through the completion of discovery between the parties and third-parties.

(vi)  **Settlement**.

The Parties had engaged in settlement discussions that ultimately proved unsuccessful.  The Parties believe that taking-up the settlement process with the early assistance of a Magistrate Judge would be helpful.

(vii) **Additional matters to be addressed to the Court.**

(a) Plaintiff will ask that the Court dismiss all defendants named in the Complaint with the exception of Samsara.

(b)  Samsara has a counterclaim to be filed with the Court, which can be filed within the next ten (10) days.

The parties thank the Court for its consideration of this joint letter.  As the parties are generally in agreement on the status and schedule to be followed, the parties request that the initial pre-trial conference scheduled for July 27, 2023 be adjourned *sine die*.

Re:  Savino Del Bene U.S.A., Inc. v. Samsara Surfaces LLC, et. al.
1:23-cv-00648-KPF

**Kennedys**

Respectfully,

/s/ John A. Orzel

**John A. Orzel**
Partner
for Kennedys CMK, Counsel for Plaintiff

Respectfully,

/s/ Christopher Milito

**Christopher Milito,**
Partner
Morrison Cohen LLP,
Counsel for Defendant Samsara Surfaces LLC
cmilito@morrisoncohen.com

cc:   Scheef & Stone, LLP
      Attn:  Mark L. Hill, Esq.
      Mark.hill@solidcounsel.com

Application GRANTED.  The initial pretrial conference currently scheduled for July 27, 2023, is hereby ADJOURNED *sine die*. Furthermore, the Court understands that Plaintiff intends to request that the Court dismiss all defendants named in the Complaint with the exception of Samsara.  To the extent Plaintiff wishes to do that now, it may file a notice of voluntary dismissal on the docket or may file an amended complaint.

The Clerk of Court is directed to terminate the pending motion at docket number 25.

Dated:    July 25, 2023
          New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE